IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NOE SERRANO LEON,

        Petitioner,

vs.                                                       CIV 14-0521 CLH/KBM

FNU LNU, Warden,
Eloy Detention Center, and
GARY KING,
Attorney General of the State of New Mexico,

        Respondents.

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on Respondent Gary King's Motion for Order to Show Cause Why Noe Serrano Leon's Amended 28 U.S.C. § 2254 Petition Should Not Be Dismissed for Failure to Prosecute (*Doc. 11*), filed November 7, 2014.

On May 30, 2014, Noe Serrano Leon filed a motion, which was captioned as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2254. *Doc. 1*. This Court recharacterized the motion as one pursuant to 28 U.S.C. § 2254, as the relief sought by Petitioner is the setting aside of state-court criminal convictions. *See Doc. 2*. Thereafter, Respondent Gary King moved to dismiss the petition pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, reasoning that because Petitioner was being held by Homeland Security at the Eloy Detention Center in Eloy, Arizona, there was no subject matter jurisdiction under 28 U.S.C. § 2254. *Doc. 9.*

On September 29, 2014 Order, the Court ordered Petitioner to respond to Respondent's Motion to Dismiss by October 31, 2014. To date, no such response has been received from Petitioner. According to the records of the Department of Homeland

Security, Petitioner continues to be held at the Eloy Detention Center in Arizona. The address that Petitioner provided to this Court is for the Eloy Detention Center, and there is no indication that he did not receive the Court's September 29, 2014 Order, which was mailed to him at that address. Accordingly, there appears to be a manifest lack of interest on the part of Petitioner in litigating this matter.

The Court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Service,* 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for want of prosecution. *See, e.g., Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642-43(1976); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also Costello v. United States,* 365 U.S. 265, 286-87 (1961) (district court may dismiss *sua sponte* for failure to comply with order of court); *United States ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 855 (10th Cir. 2005) ("dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.").

Wherefore,

**IT IS HEREBY ORDERED** that no later than **January 22, 2014**, Petitioner shall file his Response to Respondent's Motion to Dismiss or a response to this order showing cause why this case should not be dismissed. Petitioner is hereby notified that failure to respond to this Order may result in dismissal without further notice.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE