IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NOE SERRANO LEON,

        Petitioner,

v.                                                  CIV 14-0521 LH/KBM

FNU LNU, Warden,
Eloy Detention Center, and
GARY K. KING,
Attorney General of the State of New Mexico,

        Respondents.

# PROPOSED FINDINGS
## AND
## RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on the Order of Reference by the Honorable C. LeRoy Hansen, filed June 3, 2014, to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. *Doc. 4.*

On May 30, 2014, Noe Serrano Leon ("Petitioner") filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. *Doc. 1.* This Court recharacterized Petitioner's request as one for relief pursuant to 28 U.S.C. § 2254, as Petitioner sought to set aside a number of New Mexico state convictions. *Doc. 3* at 2. On July 9, 2014, Respondents filed a Motion for Clarification of Claims Set Forth in *Pro Se* Petitioner's Application for Federal Habeas Relief. *Doc. 7.* Then, on August 1, 2014, Petitioner filed his Amended Petition under 28 U.S.C. § 2254. *Doc. 8.*

On August 21, 2014, Respondents filed a Motion to Dismiss Noe Serrano Leon's Pro Se Petitioner for Writ of Habeas Corpus (28 U.S.C. § 2254) Pursuant to Fed. R. Civ. P. 12(b)(1). *Doc. 9*. On September 29, 2014, the Court denied Respondent's request for clarification and directed Petitioner to respond to Respondent's Motion to Dismiss by October 31, 2014. *Doc. 10*. When Petitioner failed to respond to the motion to dismiss, Respondents filed a Motion for Order to Show Cause Why Noe Serrano Leon's Amended 28 U.S.C. § 2254 Petition Should Not Be Dismissed for Failure to Prosecute. *Doc. 11*. The Court granted Respondents' Motion for Order to Show Cause, and ordered Petitioner to file a response to Respondents' Motion to Dismiss or otherwise show cause why the case should not be dismissed by January 22, 2015. *Doc. 13*. Just after the show cause deadline, on January 23, 2015, Petitioner submitted his "Motion For/To ; Dismiss." *Doc. 14*. It is not entirely clear whether this "Motion For/To ; Dismiss" is intended as a response in opposition to Respondents' Motion to Dismiss or as a concurrence thereto. While Petitioner indicates that he "moves to dismiss the petition to Fed. R. Civ. P. 12(b)(1)," he also complains that the Immigration Judge did not grant him asylum because of a state drug conviction and asks Respondent Governor Martinez to commute his sentence. *See Doc. 14*. The Court will construe this filing as one in opposition to Respondents' Motion to Dismiss.[2] Having reviewed the submissions of the parties and the relevant law, the Court recommends that Respondent's Motion to Dismiss be granted and that Petitioner's § 2254 petition be dismissed for want of subject matter jurisdiction.

---

[2] Because Petitioner proceeds *pro se*, the Court construes his filings liberally. *See Standifer v. Ledezma*, 653 F.3d 1276, 1277 (10th Cir. 2011).

# I.  Background

Petitioner, a Mexican citizen,[3] is being held at the Eloy Detention Center in Arizona in the custody of the Department of Homeland Security, Immigration and Customs Enforcement/Enforcement Removal Operations ("ICE/ERO").[4]  Petitioner has been in the custody ICE/ERO since January 2013, when he was arrested by the Arizona Department of Public Safety for aggravated driving under the influence, possession/use of marijuana, and possession/use of drug paraphernalia.  *Doc. 9*, Ex. A. Petitioner was "turned over" to Phoenix ICE/ERO on January 25, 2013.  *Id*. at 2.

While in the custody of ICE and housed at the Eloy Detention Center, Petitioner filed a petition for asylum.  *Doc. 9*, Ex. D.  The Immigration Judge denied his petition on or about September 3, 2013, and the Board of Immigration Appeals dismissed Petitioner's appeal of that denial on March 19, 2014, affirming the Immigration Judge's decision.  *Id.*  On September 24, 2013, the Immigration Judge granted Petitioner voluntary departure.[5]  Nevertheless, Petitioner remains at the Eloy Detention Center at the present time.  Petitioner appealed his immigration case to the Ninth Circuit Court of Appeals.  *Serrano v. Holder*, No. 14-70904 (9th Cir. 2014).  According to a June 11,

---

[3] In Respondents' Motion to Dismiss, they assert that Petitioner is a citizen of Honduras.  *Doc. 9* at 2.  Petitioner, in contrast, insists in his "Motion For/To ; Dismiss" that he is a citizen of Mexico. *Doc. 14* at 2.  While one document submitted by Respondents indicates that Petitioner is a citizen of Honduras (*Doc. 9*, Ex. A, at 2), the other documents along with the U.S. Immigration and Customs Enforcement website indicate that he is, in fact, a citizen of Mexico (*see, e.g., Doc. 9*, Ex. A, at 1).

[4] This information is available through an inmate search on the U.S. Immigration and Customs Enforcement website (https:/locator.ice.gov).

[5] This information is available from the Executive Office for Immigration Review's ("EOIR") automated telephone line at 1-800-898-7180, with entry of Petitioner's "A" number (205-587-554).

2014 Order of the Ninth Circuit, Petitioner's removal proceedings were stayed pending review by the Ninth Circuit, and a briefing schedule was set. *Doc. 9*, Ex. C. After receiving two extensions for the filing of his opening brief, Petitioner's brief is now due March 30, 2015, with the Government's response brief due May 29, 2015. *Serrano v. Holder*, No. 14-70904, Doc. 16 (9th Cir. 2015).

On May 30, 2014, Petitioner filed his § 2255 motion in this Court, which was recharacterized as a petition for relief under 28 U.S.C. § 2254. Petitioner's original § 2255 motion together with his amended § 2254 petition, though largely incomprehensible, appear to challenge Petitioner's prior convictions for possession of a controlled substance (CR-99-54) and for battery (DV-1998-1725). *See Doc. 1* at 1; *Doc. 8* at 1.

First, with respect to Petitioner's battery conviction in Case DV-1998-1725, Petitioner alleges that he received a three-month term of probation, presumably in 1998 or shortly thereafter. *See Doc. 1* at 4. According to Respondents, records for Petitioner's battery case have been destroyed, and Petitioner's representations cannot be verified. *Doc. 9* at 4.

Second, according to Court records submitted by Respondents, Petitioner pled guilty in 1999 in the Eleventh Judicial District Court, County of McKinley, State of New Mexico, in Case No. CR-99-54, to a fourth-degree felony of possession of a controlled substance. *Doc. 9*, Ex. E. Petitioner received an 18-month suspended sentence, which at some point became unsupervised probation. *See Doc. 7; Doc. 9*, Ex. E at 1 & Ex. F.

Nothing in the record or in Petitioner's filings suggests that Petitioner failed to

complete either of these sentences, which were imposed approximately 16 to 17 years ago.  Thus, both referenced sentences expired long ago.

During the course of removal proceedings, in October 2013, Petitioner filed a Motion to Set Aside Default Judgment in Case No. CR-99-54, and sent a cover letter to Stephanie Chavez, a Judicial Aide with the Gallup Municipal Court, asking that the case be "withdrawn from [his] record."  *Doc. 9,* Ex. G.  The McKinley County District Court appointed counsel for Petitioner for purposes of his Motion to Set Aside Default Judgment, and Petitioner subsequently withdrew the motion on April 7, 2014, after his counsel conceded that the action lacked merit.  *Id.*

Respondents move the Court to dismiss Petitioner's now-converted § 2254 petition pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, as Petitioner "is not, for purposes of federal habeas relief, 'in custody pursuant to the judgment of a State court.'"  *Doc. 9* at 4 (quoting 28 U.S.C. § 2254).

## II.  Analysis

Section 2254 allows "a district court [to] entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2254(a).  The Tenth Circuit has held that the "in custody" language included in § 2254(a) is jurisdictional, requiring that habeas petitioners be "in custody" under their subject state convictions or sentences at the time they file their petitions.  *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010).  Generally, once a prisoner's sentence expires, he is no longer "in custody" for that conviction, and the Court may not exercise jurisdiction to hear his § 2254 petition.  *Broomes*, 358 F.3d at 1254; *Waldon v. Cowley*,

880 F.2d 291 (10th Cir. 1989).  There are some exceptions to this general rule.  For instance, federal courts have jurisdiction over federal habeas petitions when an expired sentence has been used to enhance a sentence currently being served.  *Carthen v. Workman*, 121 F. App'x 344 (10th Cir. 2005).

Here, Petitioner is neither "in custody pursuant to a judgment of a State court" nor serving any sentence enhanced by his state convictions.  Rather, Petitioner is in a federal detention facility awaiting administrative removal proceedings, and as a result, he cannot establish the jurisdictional prerequisites for a § 2254 petition.  *See Broomes,* 358 F.3d at 1254 (reasoning that because the petitioner was in federal custody awaiting final removal by Immigration and Naturalization Service, he was not "in custody pursuant to a judgment of a State court"); *Huante v. Craven*, 500 F.2d 1004 (9th Cir. 1974) (holding that the federal court did not have jurisdiction over a § 2254 claim where the petitioner, while still theoretically on parole in California at the filing of his petition, had been delivered to federal immigration authorities, and was therefore not subject to sufficient state control to be considered in State custody).

According to the United States Supreme Court, "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available . . . , the conviction may be regarded as conclusively valid."  *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001).  Thus, Petitioner's long-expired state convictions for battery and possession of a controlled substance, from 1998 and 1999, respectively, are regarded as conclusively valid.    Although Petitioner apparently attempts to challenge these convictions in his present § 2254 petition, he does not articulate any applicable

exception to the general rule precluding the use of § 2254 to attack expired convictions, and the Court cannot discern any such exception.

Although the presence of negative collateral consequences arising from an expired state court conviction may be sufficient to keep a federal habeas corpus petition from becoming moot after its filing, *see Spencer v. Kemna*, 523 U.S. 1 (1998), courts have consistently recognized that collateral consequences cannot create jurisdiction under federal habeas corpus statutes, *see, e.g., Maleng v. Cook*, 490 U.S. 488 (1989); *Lefkowitz v. Fair*, 816 F.2d 17 (1st Cir. 1987); *Hendrix v. Lynaugh*, 888 F.2d 336 (5th Cir. 1989).

For all of these reasons, the Court recommends that this Court determine that Petitioner has failed to satisfy the "in custody" requirement of 28 U.S.C. § 2254(a) and dismiss his federal habeas petition for lack of subject matter jurisdiction.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Petitioner's § 2254 Motion be **denied** and **dismissed**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.**

---

_____
UNITED STATES CHIEF MAGISTRATE JUDGE